By the Court—Woodruff, J.
The defendant agreed, on July the 6th, lIHpto do the work as alleged in the complaint. This was clearly proved by the written agreement. He was, by the agreement, to complete the work on or before the loth of August, 1858. He refused to perform his contract, and on the 30th of July, 1858, the plaintiff employed other persons to do the work. We think the plaintiff, after the defendant’s unqualified refusal to do the work, was not bound to wait until the time for the performance of the work had expired. The unqualified refusal was a breach of the contract. It cannot be that when one who has undertaken to do a part of the work of a building in actual progress of erection, refuses to perform, the owner is bound to delay the completion of the building, keeping back all the other work, during the whole period allowed for performance. If, after such refusal, the defendant could reinstate himself, he should at least show his subsequent offer, and his readiness and ability to perform the work in time. Hot showing this, the plaintiff was entirely at liberty to cause the work to be done by others. There was some evidence that there were impediments in the way of the performance of the work, arising from the state of the street and sewer. The defendant’s refusal did not proceed on any such ground; and if it could be *486 made to avail him, the case was not so established, that the cause should be taken from the Jury. It was not taken from them on any such ground.
As to the evidence of a former contract:
1. It is not shown that in point of fact there was any obstacle arising from that cause to the defendant’s performance of his contract as agreed.
2. It is not satisfactorily shown that there was any outstanding contract which bound the plaintiff, or deprived her of the power to employ the defendant as she did. Mulvihill’s prior contract was with prior owners, and it does not appear that the plaintiff had assumed it, or was bound thereby. On the contrary the plaintiff was for six weeks or upwards negotiating witMM&Llvihill on the subject, and finally a new agreemS^^as made, without which it does not appear that she would have been bound to Mulvihill at all.
We are not satisfied that any error was-committed in rejecting the testimony of the husband of the plaintiff, though we are aware that on that subject there has been some difference of opinion.
On the ground first named we think the complaint ought not to have been dismissed, and that the judgment should be reversed and a new trial ordered, costs to abide the event.